```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
KAREEM FOSTER,                           :
                                         :
                         Plaintiff,      :
               -v-                       :      21cv3570(DLC)
                                         :
CONSOLIDATED EDISON COMPANY OF NEW       :         ORDER
YORK, INC., RICHARD HARRICHARAN, and     :
THOMAS COLAGRANDE,                       :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

Plaintiff Kareem Foster has brought employment discrimination claims against his former employer, Consolidated Edison Company of New York, Inc. ("Con Ed"), and his former colleagues Richard Harricharan and Thomas Colagrande (the "Individual Defendants"). He alleges that the Individual Defendants, by participating in the plaintiff's discriminatory firing, violated 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"). The Individual Defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Foster's claims against them.

Motions to dismiss claims brought under § 1981 and the NYSHRL are both analyzed in accordance with the standard used to

assess employment discrimination claims brought under Title VII of the Civil Rights Act of 1964. See Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015) (Title VII and NYSHRL claims governed by the same standard); Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (Title VII and § 1981 claims governed by the same standard). In order to survive a motion to dismiss either a NYSHRL or § 1981 claim, a "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015). NYCHRL claims, by contrast, are analyzed in a more plaintiff-friendly manner: to state a claim for discrimination under the NYCHRL, the plaintiff must only "plead[] facts sufficient to plausibly allege that she was treated less well" because of a protected characteristic. Brightman v. Physician Affliate Grp. of N.Y., P.C., No. 20cv4290 (DLC), 2021 WL 1999466, at *7-8 (S.D.N.Y. May 19, 2021) (citing Mihalik v. Credit Agricole Cheuvreux N.Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013)). Under all three of these frameworks, when the claim is against an individual defendant, the plaintiff must plausibly allege that the individual defendant "actually participated in the conduct giving rise to [the] claim of unlawful discrimination" in order to survive a motion to dismiss. See Feingold v. New York, 366

2

F.3d 138, 157-59 (2d Cir. 2004) (setting forth an actual participation standard for individual liability under the NYSHRL and NYCHRL)(citation omitted); see also Littlejohn v. City of New York, 795 F.3d 297, 314 (2d Cir. 2015) (applying the same standard to § 1981 claims).

Applying these standards, Foster has plausibly alleged that the Individual Defendants actually participated in Con Ed's discriminatory conduct. Foster has alleged, among other things, that the Individual Defendants were involved in causing the workplace accident that served as Con Ed's stated basis for firing Foster; participated in an investigation by a Con Ed committee responsible for determining whether to fire Foster as a result of the accident; and counseled Foster to make ill-advised statements before the committee. These allegations are sufficient to state a claim. While the Individual Defendants' motion to dismiss takes issue with these allegations and asserts that they were not involved in the termination decision, these are issues of fact that cannot be resolved on a motion to dismiss. Accordingly, it is hereby

ORDERED that the Individual Defendants' motion to dismiss is denied.

Dated:    New York, New York
          September 29, 2021

                                                    _____
                                                       DENISE COTE
                                          United States District Judge